IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:09-714-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Dwayne Roderick Ross, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant asserts five claims for relief. The Government filed a response and motion for summary judgment. The court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant responded in opposition to the Government's motion. For the reasons discussed below, the court **grants** the Government's motion for summary judgment in part, and appoints J. Christopher Mills, Esq., to represent Defendant in this matter for purposes of a hearing on the issue discussed below.

**I. BACKGROUND**

In 2009, Defendant was indicted for his role in a drug distribution conspiracy which distributed five kilograms or more of cocaine and fifty grams or more of "crack" cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(a)(1)(A), and 846. Defendant proceeded to trial and was found guilty of this offense.[1]

In preparation for sentencing, the United States Probation Office prepared a Presentence Report (PSR). Defendant, through counsel, filed objections to the PSR, and the matter was set for

---

[1] Defendant was also indicted for distribution of a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant was found not guilty of this offense.

1

sentencing.

On January 26, 2010, Defendant appeared with counsel for sentencing. The court overruled Defendant's objections, and Defendant was sentenced to 344 months' imprisonment.

Defendant filed a notice of appeal to the Fourth Circuit Court of Appeals. On January 21, 2011, Defendant's conviction and sentence were affirmed. *United States v. Ross*, 416 F. App'x 289 (4th Cir. 2011). Defendant thereafter timely filed the current motion.

Defendant's § 2255 motion raises three Grounds for Relief. Defendant's First Ground for Relief contends that he received ineffective assistance of counsel during trial. Defendant's Second Ground for Relief maintains that Defendant's Fifth Amendment rights were violated when the Government allegedly constructively amended the indictment. Defendant's last ground for relief maintains that Defendant's Sixth Amendment rights were violated when the Government failed to give adequate notice of the nature of the charges. *See* ECF No. 221.

On July 26, 2012, Defendant filed a motion to Amend, asserting additional Grounds for Relief relating to alleged ineffective assistance of counsel. By Order filed July 31, 2012, the court granted Defendant's motion to amend, and the Government thereafter moved for summary judgment on all Defendant's grounds for relief. The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), noting the summary judgment procedure and the importance of Defendant filing a response to the Government's dispositive motion. Defendant responded to the Government's motion, and this matter is ripe for resolution.

Defendant's Second and Third Grounds for Relief were not presented in the course of Defendant's direct appeal. Claims regarding trial errors that could have been raised on direct appeal but were not are barred from review under § 2255, unless Defendant shows cause for the default and actual prejudice resulting from such errors, or can demonstrate that a miscarriage of justice would

result from the refusal of the court to entertain the collateral attack. See *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir.1999).

The government generally must raise procedural default to justify its interest in the finality of a criminal judgment. *United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993) (reviewing issue not raised on direct appeal on merits after government failed to argue procedural default). When the government fails to raise procedural default, courts may raise procedural default *sua sponte* if the interests of "'judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice' militate against . . . addressing on the merits the [potentially defaulted issue]." *Id*. at 758 (quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992)). *See also United States v. Linder*, 552 F.3d 391, 397 n.2 (4th Cir. 2009) (applying procedural default in spite of government failure to raise default because of "unique circumstances" of direct appeal in spite of appeal waiver). In this case, the Government did not raise procedural default and indeed addresses Defendant's assertions on the merits. Accordingly, the court reviews the merits of Defendant's Second and Third Grounds for Relief below.

## II. GROUND TWO – FIFTH AMENDMENT – CONSTRUCTIVE AMENDMENT

Defendant argues in his Second Ground for Relief that he suffered a Fifth Amendment violation when the Government "used drugs from a marijuana seizure as evidence at [Defendant's] trial." ECF No. 221-1 at 5. In his response to the Government's motion for summary judgment, Defendant contends that "[e]ven if the court were to conclude that the evidence did not construvely amend the indictment, [Defendant's] case still suffered from a 'Fatal Variance.'" Mot. in Opp. at 4 (ECF No. 244).

"A constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions

3

to the jury), or both, broadens the possible bases for conviction beyond those presented to the grand jury." *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) (en banc). "An indictment is constructively amended, and a fatal variance occurs, when 'the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" *United States v. Allmendinger*, 706 F.3d 330, 339 (4th Cir. 2013) (quoting *United States v. Randall*, 171 F.3d 195, 203 (4th Cir.1999)).

There is no evidence the indictment against Defendant was broadened, either by the presentation of the Government's case or by this court's instructions on the law. Defendant was convicted of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack cocaine." *See* Verdict (ECF No. 92, filed Sept. 25, 2009). The fact that the court allowed testimony regarding Defendant's 2006 arrest did not change the offense with which Defendant was charged.

Accordingly, Defendant's Second Ground for Relief is without merit, the Government is entitled to summary judgment, and this Ground is dismissed with prejudice.

### III. GROUND THREE – SIXTH AMENDMENT

Defendant's Third Ground for Relief argues Defendant's Sixth Amendment rights were violated due to the Government's alleged failure to give notice of the "nature and cause of the accusations against him." ECF No. 221-1 at 6. Defendant claims he "lacked sufficient notice of the charges against him" due to the "failure to incorporate a marijuana seizure as part of the conspiracy." *Id*.

This Ground is without merit. As noted above, Defendant was not charged with a drug distribution conspiracy which included marijuana, nor was he convicted of one. Accordingly, the Government is entitled to summary judgment on this Ground for Relief, and it is dismissed with

4

prejudice.

### IV. GROUND ONE – INEFFECTIVE ASSISTANCE OF COUNSEL

#### A. STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990).

In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. However, "an analysis focusing solely on mere outcome determination . . . is defective," *Lockhart*, 506 U.S. at 369. Instead, a proper prejudice analysis must consider "whether the result of the proceeding was fundamentally unfair or unreliable." *Id*. As a result, a court may not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Id*. at 369-70.

5

## B. Discussion

Defendant argues he received ineffective assistance of counsel when counsel did not move for mistrial because the Government "used extrinsic evidence during [Defendant's] trial." Memo. in Support at 3 (ECF No. 221-1). Defendant's argument in this Ground, and in Grounds Two and Three, go to his assertion that the Government's introduction of Defendant's 2006 arrest for possession with intent to distribute marijuana "constructively amended [Defendant's] indictment by altering the essential elements of [Defendant's] indictment." *Id*.

Defendant cannot establish prejudice, as discussed above relating to Grounds Two and Three. Accordingly, for the reasons noted below, Defendant's assertion regarding counsel's actions is without merit. The Government is entitled to summary judgment on Defendant's First Ground for Relief, and it is dismissed with prejudice.

## V. Grounds Raised in Motion to Amend

Defendant raises three additional claims in his motion to amend. First, Defendant contends counsel was ineffective in failing to move for judgment of acquittal at the close of the Government's case. Second, Defendant argues he received "inadequate" advice relating to the Government's plea offer. Third, Defendant maintains he is entitled to relief under the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321 (2012), and the Fair Sentencing Act (FSA) of 2010, Pub. L. No. 111–220 (July 28, 2010).

### A. Ineffective Assistance – Judgment of Acquittal

Defendant contends he received ineffective assistance of counsel when counsel failed to more for judgment of acquittal at the close of the Government's case. ECF No. 232 at 4. Even assuming, for purposes of this motion only, that counsel was ineffective in failing to move for judgment of

acquittal, Defendant cannot establish prejudice resulting from any ineffectiveness. The jury found, beyond a reasonable doubt, that the Government had established the elements of the drug distribution conspiracy of which Defendant was convicted.

Accordingly, the Government is entitled to summary judgment on this Ground, and it is dismissed with prejudice.

### B. INEFFECTIVE ASSISTANCE – PLEA OFFER

Defendant next argues that he received ineffective assistance of counsel relating to the advice surrounding a plea offer from the Government. ECF No. 232 at 2-3. Defendant contends that he was offered a plea to Count Two of the Indictment "in exchange for the withdrawal of the 21 U.S.C. § 851 enhancement and dismissal of count one." ECF No. 232 at 3. Defendant contends that counsel gave him "inadequate advice" in that counsel advised Defendant

> without 5 kilograms of cocaine and 50 grams of cocaine base in evidence, that the Government could not prove beyond a reasonable doubt the elements for count one. [Counsel] further advised [Defendant] that count two could not be proven beyond a reasonable doubt because he was not the legal owner of the vehicle in which the control[led] substances were located.

*Id*. In his sworn affidavit affixed to the motion to amend, Defendant attests that he was "extended a plea offer . . . which would have required me to plead guilty and stipulate to possess[ing] the one kilogram of cocaine that was obtained from within my codefendant's rental car in September 2008." Aff. of Dwayne Roderick Ross at 1 (ECF No. 232-1). Defendant avers that "[h]ad [counsel] not given me the advice concerning the Government's evidence and burden of proof, I would have accepted the Government's plea offer and accepted responsibility for count two." *Id*. at 3.

In support of its motion for summary judgment, the Government has filed the affidavit of Defendant's trial counsel, Allen B. Burnside (Burnside). Burnside denies that he advised Defendant

7

that Defendant could not be convicted of Count One's conspiracy offense without the actual drugs; "[t]o the contrary, I explained that the Government could convict [Defendant] of Count One (1) based on the testimony of his co-conspirators if that testimony was believed by the jury." Aff. of Allen B. Burnside at ¶ 3 (ECF No. 240-7, filed Sept. 21, 2012). Additionally, Burnside attests that the only plea offer made to Defendant "is attached to this affidavit." *Id*. at ¶ 1. However, at the time Burnside's affidavit was filed, no plea agreement was attached thereto.

On October 15, 2012, Defendant replied to the Government's motion, indicating that there was no alleged plea agreement attached to Burnside's affidavit when it was served on Defendant. Moreover, Defendant argued that "[t]o the extent that the Government argues that this plea agreement contradict[s] Ross's claims, Ross maintains that if this said plea agreement exists, Burnside never advised him of its contents and this constitutes a claim under *Missouri v. Frye*, [566 U.S. __, 132 S. Ct. 1399 (2012)]." Mot. in Opp. to Summ. J. at 10 n.1 (ECF No. 244).

On November 6, 2012, the Government filed a copy of the purported plea agreement, but did not include a certificate of service. On February 8, 2013, this court directed the Government to serve a copy of the purported plea agreement on Defendant, and to file a certificate of service evidencing service on Defendant. *See* Text Order (ECF No. 246, filed Feb. 8, 2013). On February 19, 2013, the Government filed a certificate of service, evidencing service on Defendant. ECF No. 248. On March 4, 2013, Defendant filed a "Motion for Default Judgment," arguing that he has never received a copy of the plea agreement and that the Government should be held in default based on its alleged failure to comply with this court's order.

In 2012, the Supreme Court decided *Lafler v. Cooper*, 566 U.S. __, 132 S. Ct. 1376 (2012).[2]

---

[2]*Lafler* was a companion case to the *Missouri v. Frye* case cited by Defendant.

In *Lafler*, the Court reiterated that a Defendant's Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. 132 S. Ct. 1384. If a plea offer is made and not conveyed to a defendant, counsel is deemed ineffective. Assuming that a plea offer was made by the Government and not conveyed to Defendant, the court presumes, without deciding, that counsel was ineffective.

However, Defendant must still establish prejudice. That is, Defendant must show that but for the ineffective assistance of counsel, there is a

> reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 132 S. Ct. at 1385.

As the facts are disputed as to whether the Government's plea offer was conveyed to Defendant, an evidentiary hearing is required on this point.[3] Accordingly, the court appoints counsel and sets this matter for hearing on this Ground as outlined below.

### C. DORSEY/FSA

Defendant argues he is entitled to relief under the FSA and *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321 (2012). However, this is incorrect. Defendant was convicted on September 25, 2009, and sentenced January 26, 2010, some seven months before the effective date of the FSA. Contrary to Defendant's argument, the Supreme Court did not extend the relief available under the

---

[3] Defendant produces no reliable evidence that his alleged failure to receive the copy of the plea agreement ordered served by this court in February 2013 has prejudiced him in any way. Accordingly, Defendant's motion for default judgment is denied.

9

FSA to individuals who were convicted and sentenced prior to the enactment of the FSA. *See Dorsey*, 132 S. Ct. 2326-36 (FSA applies to defendants who committed offenses prior to the effective date of the Act but were sentenced after that date).

Accordingly, the Government is entitled to summary judgment on this Ground and it is dismissed with prejudice.

### VI. CONCLUSION

The Government's motion for summary judgment is **granted as to Grounds One, Two, and Three** of Defendant's original § 2255 motion for relief, as well as Defendant's claims in his motion to amend relating to counsel's alleged ineffectiveness regarding a failure to file a judgment of acquittal motion and any claim claiming relief under *Dorsey v. United States*, 567 U.S. __, 132 S. Ct. 2321 (2012), and all these grounds for relief are dismissed with prejudice. This court will hold an evidentiary hearing on Defendant's claim relating to what he was told regarding a plea offer from the Government. A hearing is set in this matter for **Wednesday, May 8, 2013, at 2:00 p.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. This hearing is limited to the issue discussed above. Defendant is directed to bring to this hearing any and all supporting documentation he has in his possession regarding this issue. The court appoints J. Christopher Mills, Esquire, Esquire, pursuant to Rule 8(c) of the Rules Governing Section 2255 Cases, to represent Defendant during this evidentiary hearing.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 28, 2013

10