IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:09-714 (CMC) |
| v. | **OPINION and ORDER** |
| Michael Gerod Westbrook, | |
| Defendant. | |

This matter is before the court on Defendant's motion to vacate filed in this court pursuant to 28 U.S.C. § 2255. ECF No. 250. The Government has moved to dismiss Defendant's motion on the grounds that it is a second or successive motion for relief under § 2255. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Defendant was notified of the procedure and importance of responding to the Government's motion. Defendant has responded in opposition to the Government's motion.

In November 2011, Defendant filed a motion for relief under 28 U.S.C. § 2255. By Opinion and Order filed April 18, 2012, summary judgment was granted to the Government. ECF No. 214.

Despite Defendant's contentions to the contrary, the motion is, in reality, a second or successive motion for relief under § 2255. Defendant's failure to secure permission to file a second or successive motion in the appropriate court of appeals prior to the filing of the motion in the district court is fatal to the outcome of any action on the motion in this court.[1] The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996),

---

[1] This jurisdictional barrier to consideration of Defendant's current § 2255 motion also applies to Defendant's motion to "timely preserve an issue to file a 28 U.S.C. § 2255(f)(3) petition," received by the Clerk on March 22, 2013. ECF No. 255. As this court has no jurisdiction to act on Defendant's successive § 2255 motion, it also lacks jurisdiction to act on Defendant's motion to "timely preserve." Accordingly, this motion (ECF No. 255) is also dismissed.

1

placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9 of the Rules Governing 2255 Proceedings ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ."). This he has not done.

The requirement of filing a motion in the court of appeals (in this instance, the Fourth Circuit) for permission and securing permission to file a second or successive motion is jurisdictional. Therefore, Defendant's failure to secure permission from the Fourth Circuit Court of Appeals prior to filing this § 2255 motion is fatal to any action in this court. The Government's motion to dismiss is granted as this court is without jurisdiction to consider Defendant's motion for relief under 28 U.S.C. § 2255.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

  **IT IS SO ORDERED.**

                s/ Cameron McGowan Currie
                CAMERON McGOWAN CURRIE
                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 30, 2013